IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cr-0062 |
| | ) |
| ANGEL PEREZ-PINEDA, KEVIN ALEXIS ARAGON-ROSALES, JOSE ANGEL MONTOYA-RIVERA, AND SERGIO ROGELIO ALVINEDA-SOTO, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER**

    **BEFORE THE COURT** is the Government's Motion to Continue the trial date. (ECF No. 65.) Defendants do not oppose the motion. For the reasons stated herein, the Court will continue the trial in this matter until March 4, 2024. The Court finds that the time beginning from the date of this Order through March 4, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

    On August 18, 2023, the Government filed a Complaint charging Defendants with violations of 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b) (Possession of a Controlled Substance With Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States and Conspiracy to Possess With Intent to Distribute a Controlled Substance While on Board a Vessel Subject to the Jurisdiction of the United States). On September 19, 2023, the Government filed an Information charging Defendants with violations of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a) and (b) (Conspiracy to Possess a controlled Substance With Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States) and 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), and 18 U.S.C. § 2 (Possession of a Controlled Substance With Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States). Defendants were arraigned on October 25, 2023. On December 21, 2023, the Court granted the Government's motion to continue trial date to allow the parties sufficient time to pursue plea discussions. (ECF No.

63.) At the February 7, 2024 status conference, the Court inquired of the parties about their efforts in pursuing plea negotiations since the Court's December 21, 2023 Order. The parties represented to the Court that they discussed the potential plea agreements and they have met in person in January 2024, but the Government needs additional time to obtain appropriate approvals and Defendants need time to review the plea agreement offers once they are made.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'"); *United States v. Rogers*, No. CR 19-534, 2019 WL 4806047, at *1 (D.N.J. Oct. 1, 2019) (granting continuance to allow the parties "additional time to continue plea negotiations, which would render any subsequent trial of this matter unnecessary").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendants in a speedy trial. Here, an extension of time is necessary to allow the parties sufficient time to complete the plea negotiation process. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 4, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue, ECF No. 65, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than February 23, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 23, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 28, 2024;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for February 20, 2024, are **RESCHEDULED** to commence promptly at 9:00 A.M. on **March 4, 2024**, in St. Thomas Courtroom 1.

**Dated:** February 7, 2024            */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.